Eastern District of Kentucky
**FILED**
DEC 0 6 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CRIMINAL ACTION NO. 06-141-KSF

UNITED STATES OF AMERICA      PLAINTIFF

v.      **OPINION & ORDER**

KAYLA RENEE WAFFORD and
KOLBY LEE WAFFORD      DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter came before the Court for an evidentiary hearing on November 8, 2006 on the motion of the plaintiff, the United States of America, for a hearing on the admissibility of certain audio recordings involving the defendants, Kayla Renee Wafford and Kolby Lee Wafford. [DE # 17] Specifically, the United States seeks a ruling that audio recordings of conversations between the defendants and a confidential informant utilized by Detective David Charles of the Mount Sterling Police Department are admissible.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On September 7, 2006, a federal grand jury in the Eastern District of Kentucky, Lexington Division, returned a six count indictment against the Defendants. Count 1 charges both Defendants with knowingly and intentionally possessing with intent to distribute, and knowing and intentionally distributing, five grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and § 846. Count II

1

and Count III of the indictment charge Defendant Kayla Renee Wafford, aided and abetted by another individual, with knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Counts IV and V charge Defendant Kolby Lee Wafford, aided and abetted by a another individual, with knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The Defendants appeared before this Court on September 18, 2006 and entered pleas of not guilty to the charges against them. This matter is currently set for trial on December 18, 2006. On November 7, 2006, the United States filed its Motion for Hearing on Admissibility of Audio Recordings. [DE # 17] Specifically, the United States seeks a court ruling on the authentication and admissibility of audio recordings of conversations between the Defendants and a confidential informant utilized by Detective David Charles of the Mount Sterling Police Department. The confidential informant is not available for trial.

On November 8, 2006, the Court conducted an evidentiary hearing on the United States' motion. At the hearing, Detective Charles testified regarding the investigation and subsequent arrest of the Defendants. According to his testimony, Detective Charles was responsible for preparing the audio recording equipment and conducting the surveillance of the residence where the informant met the Defendants. The conversations recorded by Detective Charles between the confidential informant and one or both of the Defendants took place on four dates: September 20, 2005, September 21, 2005, September 23, 2005 and September 28, 2005. The audio recordings were

2

authenticated by Detective Charles and played in open court.[1]

Based on conversations Detective Charles had with Kayla Renee Wafford both before and after her arrest, and on one conversation he had with Kolby Lee Wafford after his arrest, Detective Charles testified that he heard Kayla Renee Wafford's voice on all four recordings, and that he heard Kolby Lee Wafford's voice on the September 23, 2005 and September 28, 2005 recordings. Detective Charles further testified that the conversations indicated the Defendants were involved in illegal drug activity.

On cross examination, Detective Charles testified that he did not personally witness any transfer of money or illegal drugs and that based on his surveillance of the residence during the time the informant was inside, other individuals were present both inside and outside the residence during the recording of the conversations. The Defendants argued that the quality of the audio recordings is poor, and that the audio recordings do not meet the standards for admissibility.

The United States noted that, if admitted, the audio recordings will be played to the jury through headsets, which potentially could improve the quality. At the Court's instruction, the United States has provided the Court the audio recordings which were reviewed by the Court using headsets similar to those to be used by a jury.

Subsequent to the hearing, counsel for Defendant Kolby Lee Wafford filed his response to the motion for admissibility of the audio recordings. In his response, Defendant Kolby Wafford argues that in addition to being inaudible, the audio tapes cannot be authenticated and contain substantial amounts of hearsay. As a result, the Defendant argues that the audio recordings must

---

[1] At this time, based on the Court's inquiry to counsel, the objection to admissibility rested solely on the audibility of the audio tapes.

3

be suppressed because their probative value is substantially outweighed by the danger of unfair prejudice to the Defendant under Rule 403 of the Federal Rules of Evidence. No written response was filed on behalf of Defendant Kayla Wafford.

## II. ANALYSIS

The admissibility of the audio recordings is governed by the evidentiary standards set out by the Sixth Circuit Court of Appeals in *United States v. Wilkinson*, 53 F.3d 757, 761 (6th Cir. 1995).

> The admission at trial of tape recordings rests within the sound discretion of the trial court. "[A]s a prerequisite to admission, the tapes must be authentic, accurate and trustworthy," and "they must be audible and sufficiently comprehensible for the jury to consider the contents." The fact that a tape recording has some unintelligible portions does not automatically render the entire recording inadmissible. For the tape to be inadmissible, the incomprehensible portions must be so "substantial as to render the recordings as a whole untrustworthy."

*Id.* (quoting *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983) (*Robinson I*); *United States v. Robinson* 763 F.2d 778, 781 (6th Cir. 1985)(*Robinson II*). Thus, even if the recording "is not of the best quality and does have gaps and unintelligible portions," the recording may be "sufficiently trustworthy for submission to the jury." *Id.* Any portion of the recording that is unfairly prejudicial under Rule 403 of the Federal Rules of Evidence, or inadmissible under any other rule, should be excised and not played for the jury. *United States v. Tocco*, 200 F.3d 401, 420 (6th Cir. 2000).

Based on the Court's review of the audio recordings, both in the open Courtroom and with the jury headsets, the Court finds the audio recordings to be sufficiently audible for submission to the jury. While certain portions of the audio recordings are indeed incomprehensible and unintelligible, these portions are not so substantial as to "render the recordings as a whole untrustworthy." *Wilkinson*, 53 F.3d at 761.

The Defendant's challenge to the authenticity of the audio recordings must fail. Detective

4

Charles testified that he identified the voices on the tape as those of the Defendants. He explained the manner in which the recordings were made by the confidential informant, who was observed walking into the Defendants' residence and as he left the residence until the audio recordings were recovered and removed by Detective Charles. The audio recordings clearly identify when the confidential informant entered and exited the residence and his return to meet with law enforcement officers. Detective Charles testified that he is the custodian of the audio recordings, and that he has maintained custody and control of the recordings. *See United States v. Sivils*, 960 F.2d 587, 597 (6th Cir. 1992)(recordings properly admitted where chain of custody established). The fact that the confidential informant is not expected to testify at trial does not preclude the admission of the audio recordings. *United States v. Sessum*, 630 F.2d 457, 457 (6th Cir. 1980)(admitting the audio and video recording of a co-conspirator that did not testify at trial after proper authentication by a law enforcement officer).

The Defendant also contends that the statements of the confidential informant and others on the audio recordings are inadmissible hearsay. However, as the United States argues, the audio recordings are admissible under Rule 801(d)(2)(A) of the Federal Rules of Evidence as an admission by a party opponent and under Rule 804(b)(3) as a statement against interest. Accordingly, to the extent that the United States intends to introduce the audio recordings to allow the jury to hear the statements made by the Defendants that are consistent with the informant's return in possession of crack cocaine that was not possessed until after he entered the residence, the Defendant's hearsay objection is overruled.

## III. CONCLUSION

For the foregoing reasons, considering the arguments of counsel and review of the audio recordings, the Court finds that the United States has satisfied the evidentiary requirements for admissibility of the audio recordings. Therefore, the United States' motion on admissibility of audio recordings [DE # 17] is GRANTED, and the United States may introduce the audio recordings of September 20, 2005, September 21, 2005, September 23, 2005 and September 28, 2005 at the trial of this matter.

This the ___ day of December, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE